### TEXAS MIDLAND R. R. v. MONROE.
### (No. 2391.)

(Court of Civil Appeals of Texas. Texarkana. March 21, 1921. Rehearing Denied March 31, 1921.)

Carriers &#x21d0;322—Findings in action by a passenger shot by negligence of conductor in handling pistol held not to require judgment for carrier.

In an action against a railroad company by a passenger who was shot as a result of the alleged negligence of the conductor in handling a pistol, findings that the conductor was negligent, that such negligence was the proximate cause of the injury, that the passenger requested the conductor to show him the operation of the safety device, but did not request to see how the pistol operated, together with findings that the passenger was guilty of no

negligence, etc., do not necessitate a judgment for the railroad company on the theory that, as the passenger requested to see the operation of the safety device, the conductor was outside of his duties when he discharged the pistol.

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by J. H. Monroe against the Texas Midland Railroad. From a judgment for plaintiff, defendant appeals. Affirmed.

This was a suit by appellee against appellant for damages for personal injury which he claimed he suffered while a passenger on its line of railway as the result of negligence on the part of its conductor in so handling a supposedly unloaded pistol belonging to him as to discharge it while exhibiting it to appellee and one Riley, whereby appellee was wounded. The appeal is from a judgment in appellee's favor for $7,500. A full statement of the case will be found in the opinion of the Court of Civil Appeals on the first appeal thereof, reported in 155 S. W. 973, and in the opinion of the Supreme Court on the writ of error it granted, reported in 216 S. W. 388. On the trial resulting in the judgment in appellee's favor from which this appeal is prosecuted, the pleadings were the same as they were on the trial resulting in the judgment from which that appeal was prosecuted. On the last trial the jury found as follows on special issues submitted to them: (1) That in handling and causing the pistol to be discharged at the time and in the manner it was discharged appellant's conductor was guilty of negligence. (2) That such negligence was the proximate cause of appellee's injury. (3) That appellee requested said conductor to show him how the safety on the pistol was operated. (4) That appellee did not request said conductor to show him how the pistol was operated. (5) That appellee was not "guilty of negligence in the premises." (6) That appellee's negligence, if any, did not "proximately cause or contribute to cause" the injury suffered. (7) That appellee was damaged in the sum of $7,500.

Terry & Brown, of Terrell, and S. W. Marshall and Coke & Coke, all of Dallas, for appellant.
Clark & Sweeton, of Greenville, and C. A. Leddy, of Eastland, for appellee.

WILLSON, C. J. (after stating the facts as above). The main contention on this appeal, and only one, except one that the judgment is excessive, is that the trial court erred when he refused to render judgment for appellant on the findings of the jury and instead rendered judgment for appellee. The contention is predicated on the third finding, to wit, that appellee requested appellant's conductor to show him how the safety on the pistol was operated. Assuming the fact to be that the pistol was discharged by the conductor while he was complying with said request, appellant urges that the effect of the finding was to determine that the conductor had gone outside his duty as such and was acting for appellee when he fired the pistol and wounded appellee. But we think the assumption is not warranted by the record, and for that reason, if there is none other, the insistence should be overruled. There was testimony that the pistol could not be discharged without the concurrence of two things: First, the manipulation of the safety device to the proper position; and, second, the pulling of the trigger. It might have been necessary in order to demonstrate how the pistol operated, which the jury in their fourth finding said appellee did not request the conductor to do, to do both those things; but it was not necessary to pull the trigger to show how the safety device operated. Therefore the assumption of appellant that the pistol was discharged by the conductor while complying with appellee's request not only was not warranted by the third finding, but is in the face of finding involved in the judgment, if necessary to support it, directly to the contrary (Vernon's Statutes, art. 1985), and in face of the fourth finding set out above and of the fifth finding, that appellee was not guilty of negligence. The acts of negligence on the part of the conductor which resulted in the injury to appellee were: (1) In failing to ascertain whether the pistol was loaded or not before he undertook to demonstrate how it operated. (2) In pointing it at appellee while making the demonstration. (3) In pulling the trigger while pointing the pistol at appellee. There is no testimony in the record that appellee requested the conductor to do any of those things.

We have considered the testimony material to that issue in connection with the contention that the judgment is excessive, and think the contention should be overruled.

The judgment is affirmed.